IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LOU TYLER, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO.  3:15-CV-0971-M-BK |
| | § | |
| OCWEN LOAN SERVICES, INC., et al., | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States Magistrate Judge.  Plaintiff filed a *pro se* complaint against Defendants Ocwen Loan Services LLC and Deutsche Bank National Trust Company.  The Court granted the motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening.  For the reasons that follow, this case should be dismissed without prejudice as duplicative of a pending case.

On March 27, 2015, Plaintiff filed this action asserting breach of contract and irreparable damage stemming from a mortgage foreclosure action.  Doc. 3 at 1.  Her allegations, however, duplicate claims that she is presently pursuing in *Tyler v. Ocwen Loan Servicing, et al.*, No. 3:15-CV-1117-N-BK (N.D. Tex.) (removed from the 191st District Court of Dallas County, Texas).[1]  Consequently, this case should be dismissed without prejudice as duplicative.  *See Pittman v. Moore*, 980 F.2d 994, 994-995 (5th Cir. 1993) (A complaint is frivolous when it "duplicates allegations of another pending federal lawsuit by the same plaintiff."  Courts should ensure "that the plaintiff obtains one bite at the litigation apple-but not more").

---

[1] Plaintiff filed the state petition on March 19, 2015, before she commenced this action.

For the foregoing reasons, it is recommended that this action be **DISMISSED without prejudice** as duplicative of a pending action.

SIGNED April 14, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE